UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLETIS BECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV018 TIA |
| ) | |
| CAROLYN COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter[1] is before the Court on Defendant's Motion to reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No.19.) Plaintiff does not oppose the motion. (ECF No. 20.)

In an Order dated September 14, 2014, the Court inquired as to the present status of Plaintiff's November 2009 applications for disability insurance benefits (DIB) and supplemental security income (SSI), which were remanded to the Commissioner in July 2013. The Court further inquired whether, and to what extent, it would be appropriate for Defendant to consolidate Plaintiff's instant applications for DIB and SSI benefits with those pending before the Commissioner. *See* ECF No.18 at 4 (referring to *Beck v. Astrue*, 4:12-CV-00887-SNLJ (E.D. Mo. June 26, 2013)).

Agency counsel now informs the Court that Plaintiff is waiting for a hearing on the November 2009 applications and that, after thorough review, agency counsel has requested that the Appeals Council of the Social Security Administration reconsider the Commissioner's decision in this case. Defendant asserts that a remand of this action would expedite administrative review, ensure that the

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636©.

Commissioner properly considers Plaintiff's claim, and possibly obviate the need for judicial review. Plaintiff concurs in this assessment.

**Applicable Law**

Two sentences in 42 U.S.C. § 405(g) govern remand. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). In this case Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires a substantive ruling on the correctness of the administrative decision before an order of remand is issued. *Melkonyan,* 501 U.S. at 98; *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. *See Schaefer*, 509 U.S. at 297; *Buckner,* 213 F.3d at 1010.

**Discussion**

The undersigned agrees that the phrase "upon the pleadings and transcript of the record" in sentence four supports the interpretation that plenary review is necessary before remand. Nevertheless, the statute does not explicitly mandate such in-depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and Plaintiff has no objection to such motion.

The undersigned has reviewed the record in light of Defendant's assertions regarding the basis for reversal and remand and agrees that in light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings. Upon receipt of the Court's remand order, the Appeals Council will remand this case to the ALJ who will be directed to reconsider Plaintiff's residual

functional capacity, seek supplemental vocational expert testimony to determine whether there are a significant number of jobs in the national economy that Plaintiff can perform, consolidate Plaintiff's pending claims, give Plaintiff an opportunity for a hearing and issue a new decision.

The Court notes that deficiencies in the ALJ's decision do not automatically entitle the Plaintiff to recover benefits. *See Buckner*, 213 F.3d at 1011(noting that "[o]rdinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of 'our abundant deference to the ALJ,' remand the case for further administrative proceedings")(citing *Cox v. Apfel*, 160 F.3d 1203, 1210 (8th Cir. 1998)).

For the foregoing reasons, and pursuant to the Supreme Court's decision in *Schaefer*, 509 U.S. at 297, the Court will enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion (ECF NO.19) is **GRANTED** and this cause is reversed and remanded to the Commissioner pursuant to sentence four of § 405(g). A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 8th day of October, 2014.

                                                  /s/ Terry I. Adelman
                                            UNITED STATES MAGISTRATE JUDGE