UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLETIS BECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV0018 TIA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 23.) The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On October 8, 2014, the undersigned reversed the Commissioner's decision and remanded Plaintiff's case to the Commissioner for further proceedings. Plaintiff now seeks attorney's fees in the amount of $4,773.00, representing 25.80 hours of attorney work by counsel from the Law Offices of Daniel A. Parmele. (ECF No. 23-1.) The government represents that it has no objection to an award of EAJA fees of in the amount of $4,773.00 to be paid directly to Plaintiff by the Social Security Administration. (ECF No. 24.)

In EAJA actions, where the Plaintiff is the "prevailing party," the position of the government was not "substantially justified" and "no special circumstances" make an award of fees unjust, a district court has the authority to award reasonable and necessary expenses associated with adjudicating a claim for Social Security benefits. *See* 28 U.S.C. § 2412 (d)(1)(A); *see also Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988). "The burden is on the

1

Commissioner to show substantial justification for the government's denial of benefits." *Swenson v. Colvin*, 2013 WL 6253521, at*1 (W.D. Ark. Dec.4, 2013) (citing *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986)).

Applying this standard, the Court concludes that Plaintiff is entitled to an award of EAJA fees in the amount of $4,773.00, payable to the Plaintiff as the prevailing party. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2527 (2010) (holding that EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States). An appropriate Judgment will accompany this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 23) is **GRANTED** in the amount of $4,7733.00.

**IT IS FURTHER ORDERED** that said award shall be made payable to the Plaintiff subject to any applicable offset to satisfy any pre-existing debt that Plaintiff may owe to the United States.

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   29th   day of January, 2015.